## STOREY v. JOHNSON.

### No. 12016.

Court of Civil Appeals of Texas. Dallas.

June 8, 1935.

Rehearing Denied July 13, 1935.

Leo R. Tresp, of Dallas, for appellant.

Davidson, Randall & Gray, of Dallas, for appellee.

JONES, Chief Justice.

B. H. Johnson, appellee, instituted this suit in a district court of Dallas county against the Thrift Packing Company, a corporation, H. J. Johnson, and J. A. Gage, to establish against the defendants certain property rights in the corporation, J. A. Gage being president and H. J. Johnson claiming virtually all of the corporation's property. Plaintiff prayed for the immediate issuance of a temporary injunction, restraining the corporation and the other parties defendant from transferring on the books of the corporation any of the outstanding stock, and from transferring or in any way affecting the title to certain described real estate, pending a trial of the case on its merits.

Upon presentation of the petition, the court issued a temporary restraining order, March 7, 1935, against defendants, and on March 12, 1935, the court of its own motion modified said temporary writ of injunction, under which modification A. J. Johnson was "enjoined from selling, disposing of, mortgaging, transferring or incumbering his alleged right, title and interest in and to certain lands described in plaintiff's petition." The Thrift Packing Company was "restrained from transferring on its books any of the shares of the Capital Stock of said Company standing in the name of H. J. Johnson, and the said Company is further enjoined from paying any dividends, whether same be cash or stock, to the said H. J. Johnson, and in the event of the payment of a dividend in cash the Company is ordered and directed to deposit in the registry of this Court all dividends in cash that the said H. J. Johnson may be entitled to on the Capital Stock of the said Company standing in the name of the said H. J. Johnson. * * *"

Defendant Gage was not included in the order modifying the injunction, and as the modified order is substituted for the original order, the injunction does not affect him. Plaintiff filed an amended pe-

788

tition, by leave of the court, on March 12, 1935, enlarging the allegations in the original petition. On March 16, 1935, H. J. Johnson, under leave of the court, filed an amended original answer and a motion to dissolve the restraining order.

The court directed the restraining order to continue in force until March 23, 1935, when the defendants were notified to appear and show cause why the restraining order should not be continued as a temporary writ of injunction until a trial of the case on its merits. The Thrift Packing Company filed no motion to dissolve, and has not perfected an appeal to this court, the only appeal being by defendant H. J. Johnson.

On March 16, 1935, by agreement, the parties appeared in court and, after a hearing on plaintiff's amended petition for a temporary writ of injunction, and defendant H. J. Johnson's answer and motion to dissolve, the court denied the motion to dissolve and continued the restraining order as modified in force as a temporary writ of injunction. H. J. Johnson alone gave notice of appeal.

On March 18, 1935, H. J. Johnson died, without having perfected the appeal. On March 22, 1935, upon a proper petition therefor, R. G. Storey was appointed by the district court temporary administrator of the estate of H. J. Johnson, deceased, with power to substitute himself in his capacity as temporary administrator, as defendant in place of H. J. Johnson, deceased, with power to "carry on said litigation, to perfect the appeal herein from the temporary injunction heretofore granted herein, in accordance with the notice of appeal given by the said defendant, H. J. Johnson, in open court on the 16th day of March A. D. 1935."

The appeal was perfected by Storey as temporary administrator, who filed an appeal bond, and his name was substituted in the district court for that of defendant H. J. Johnson, deceased. When the transcript was filed in this court, on motion of the temporary administrator, he was substituted as appellant by an order of this court.

■ Plaintiff duly filed a motion to dismiss the appeal because that, by reason of the death of defendant, H. J. Johnson, the subject-matter of the appeal has become moot. We believe this motion is well taken. The deceased was restrained from doing the personal acts above stated. His death rendered it impossible for him to commit any of the acts he was restrained from doing, i. e., "selling, disposing of, mortgaging, transferring or encumbering his alleged title, right and interest in and to the said lands described in plaintiff's petition."

■ The temporary administrator urges that the question is not moot, for the reason that the Thrift Packing Company is restrained from doing the things named in the injunction order, and such injunction against the Thrift Packing Company would remain in force if this appeal be dismissed. This is true, and such injunction would remain in force if Johnson had not died and the appeal perfected by him would result in dissolving the injunction as to H. J. Johnson. This court has no jurisdiction in this appeal over that part of the temporary writ of injunction restraining the Thrift Packing Company, because it has not appealed, or in any way complained to this court. Only the restraining order against H. J. Johnson is before this court for review.

It is urged by the temporary administrator that the issues made by this appeal will have an important bearing on the trial of the case on its merits, and the appeal is therefore not on a moot question. To this we cannot agree. As said by this court, in the case of City of Farmersville v. Texas-Louisiana Power Co., 33 S.W.(2d) 272, 274: "An interlocutory injunction is a provisional remedy allowed before a hearing on the merits with the sole object to preserve the subject in controversy in its then existing condition. It merely prevents the doing of any act whereby the right in controversy may be materially injured or endangered before a final decree can be entered by the court. The rights of the parties are not concluded by the interlocutory order entered, as its entry is not dependent upon the adjudication of the merits of the case."

When H. J. Johnson died, his power to do those things prohibited by the interlocutory order attempted to be appealed from by the temporary administrator ended, and hence there is nothing for this court to adjudicate. Motion to dismiss the appeal of the temporary administrator is granted, and the appeal is hereby dismissed, because the question has become moot.

Appeal dismissed.